Lionel P. Storr
vs.
Rhode Island Hospital
Trust Co.
} P. A. No. 934.

January 22, 1930.

CARPENTER, J. This is a probate appeal, claimed by Lionel P. Storr, from a decree entered by the Probate Court of the Town of North Providence, wherein an instrument purporting to be the last will and testament of Annie B. Dracup, late of North Providence, deceased, was admitted to probate and letters testamentary issued to Rhode Island Hospital Trust Company, the executor named in said instrument.

The reasons of appeal and claim for jury trial were filed in this Court within due time and the matter was tried before a jury in June, 1929. The jury returned a verdict sustaining the will in question, whereupon counsel for the appellant moved for a new trial, which motion was heard by this Court in October, 1929.

The two issues presented to the jury were set out in the reasons of appeal, which were emphasized and apparently were the issues upon which the appellant relied, one being as to whether or not Annie B. Dracup was of sound and disposing mind and had testamentary capacity at the time she made the will, and the other being as to whether or not undue influence had been exercised over her by her daughter and son-in-law. The will was drawn by Hon. James Harris, a prominent member of this bar, who testified as to the execution of the will and as to the numerous conferences that he had with Mrs. Dracup. He also testified that he had known the testatrix from about 1912 or 1913 to the time of her death; that he drew up the will which was the subject of the contest; that prior to drawing up the will in question he had drawn a previous will, or first will, in June, 1919; that he drew, after the drawing of the first will and before the drawing of the will in question, two codicils, one being drawn January 25, 1921, and one being drawn January 17, 1922; that he drew the will in question June 19, 1923; that during all his negotiations with her during the drawing of the first will, the codicils and the will in question, there was no change in her mental condition.

There was considerable evidence submitted to the jury as to the fact that Mrs. Dracup was not a believer in trust wills, that she did not believe in putting her money or property in trust, but nevertheless it appeared from the first will and from the second will that trust estates had been created, and in the codicils drawn to the first will she, of course, affirmed the manner in which she had disposed of her property by the first will. There was also considerable evidence on the part of the appellant as to her mental condition, as well as considerable evidence on the part of the appellee concerning the same subject, the most important being, in the mind of this Court, the evidence of James Harris. Some evidence was introduced as to undue influence, but the evidence from the Court's point of view went but a little way in attempting to prove that Mrs. Dracup executed the will in question while under the undue influence of any person.

The main question which was submitted to the jury was the question of testamentary capacity, and upon this evidence the jury found that Mrs. Dracup did possess testamentary capacity at the time she executed the will in question, and, of course, also found there was no undue influence exercised over Mrs. Dracup. This Court feels that the jury were justified in the verdict that they returned, and feels that substantial justice has been done by their verdict in requiring that the intention of the testatrix be carried out by the will in question.

Motion for new trial denied.

For appellant: Pettine, Godfrey & Cambio.

For appellee: Tillinghast & Collins.